UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

RANDALL SCOTT WUNDERLICH,                    Civil No. 10-4737 (SRN/AJB)

        Petitioner,

v.                                           **REPORT AND RECOMMENDATION**

BECKY DOOLEY,

        Respondent.

_____

       This matter is before the undersigned United States Magistrate Judge on Petitioner's

amended petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  The case has been

referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local

Rule 72.1.  For the reasons discussed below, the Court finds that this action is barred by

the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1).  The Court will

therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts.[2]

**I. BACKGROUND**

       In October 1996, a Minnesota state court jury found Petitioner guilty of first degree

criminal sexual conduct, and in January 1997, he was sentenced to 360 months in state

_____

    [1]  Petitioner's original petition, (Docket No. 1), was summarily stricken, because it
was not submitted on the form prescribed for use in this district.  (See Order dated
November 30, 2010; [Docket No. 3].)  Petitioner was granted leave to amend, and he did
so in a timely manner.  Therefore, the matter is now before the Court on Petitioner's
amended petition.  (Docket No. 6.)

    [2]  Rule 4 provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner."

prison. (Petitioner's Affidavit, [Docket No. 8], p. 2, ¶s 1-2.) Petitioner is currently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota.

After Petitioner was sentenced, he filed a direct appeal, claiming that the trial court committed several errors involving the admission of evidence, jury instructions, and sentencing. The Minnesota Court of Appeals rejected all of Petitioner's arguments, and affirmed his conviction and sentence. State v. Wunderlich, No. C1-97-680 (Minn.App. 1998), 1998 WL 74269 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on April 14, 1998. Id.

On August 13, 2004, Petitioner filed a post-conviction motion in the trial court, claiming that his sentence was invalid, because it was based on facts determined by a judge, rather than a jury. (Petitioner's Affidavit, pp. 1-2.) Petitioner's post-conviction claims were based on two Supreme Court decisions that were handed down after he was sentenced – Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). The trial court denied Petitioner's post-conviction motion on September 21, 2004, (Petitioner's Affidavit, pp. 1-2), and Petitioner then filed another appeal. On July 22, 2005, the Minnesota Court of Appeals affirmed the trial court's ruling on the post-conviction motion. (Id., p. 2.) The Minnesota Supreme Court denied Petitioner's application for further review on October 26, 2005.[3]

Petitioner filed a second post-conviction motion on July 2, 2008. (Id., p. 1.) That motion was denied on July 29, 2008. (Id.) Petitioner filed a belated appeal in his second

---

[3] Petitioner has not provided any information regarding his application for further review in his first post-conviction proceedings, but the Minnesota Supreme Court's order denying his request for further review is available on a website maintained by the Minnesota Judicial Branch, (www.mncourts.gov/publicaccess).

post-conviction proceedings, but that appeal was dismissed on December 23, 2008.[4]

Petitioner's original habeas corpus petition, (Docket No. 1), was received and filed by the Clerk of Court on November 22, 2010. (That petition was superceded by the amended petition that was filed on December 28, 2010. See n. 1, supra.) However, the Eighth Circuit Court of Appeals has held that a prisoner habeas corpus petition is deemed to have been filed on the date when it is delivered to prison officials for mailing. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). In this case, the original petition was signed on November 18, 2010, so Petitioner obviously did not deliver the petition for mailing before that date. For present purposes, the Court will assume, for Petitioner's benefit, that he delivered his original petition for mailing on the same date that he signed it, namely on November 18, 2010, and that will be deemed to be the filing date for this action.

Petitioner's amended habeas corpus petition, (Docket No. 6), lists 28 claims for relief. Plaintiff contends that his conviction and sentence should be set aside by reason of, inter alia, an illegal seizure of evidence, ineffective assistance of counsel, withholding of evidence, prosecutorial misconduct, erroneous evidentiary rulings, judicial bias, denial of the right to confront witnesses, denial of compulsory process, erroneous jury instructions, failure to maintain accurate trial court records, sentencing errors, destruction of evidence, fabrication of evidence, and "cumulative errors." The Court finds, however, that Petitioner's habeas corpus petition was not filed within the one-year statute of limitations period prescribed by federal law. Therefore, the merits of Petitioner's claims will not be

---

[4] Petitioner has not provided any information about his appeal in his second post-conviction proceedings, but the order dismissing the appeal is available on the website maintained by the Minnesota Judicial Branch. (See n. 2, supra.)

addressed, and the Court will recommend that this action be summarily dismissed.

## II.  DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted

in 1996, effected several significant changes in the federal habeas corpus statutes.  One

of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of

limitations for habeas corpus petitions filed by state prisoners seeking federal court review

of a conviction or sentence.  This statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)**  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses

(B) or (D) of § 2244(d)(1) could be applicable.  In other words, Petitioner has not shown that

the State created any unconstitutional impediment that prevented Petitioner from seeking

federal habeas relief within the prescribed one-year limitations period, nor has Petitioner shown that any of his current claims are based on new evidence that could extend the deadline for seeking federal habeas corpus relief.

The Court also finds that § 2244(d)(1)(C) does not apply here, even though at least one of Petitioner's current claims, (Ground 22), appears to be based on the Supreme Court's decision in Blakely, which was not handed down until after Petitioner was sentenced. Section 2244(d)(1)(C) is not applicable here, because Blakely did not establish any new rule of constitutional law that has been made retroactively applicable to cases on collateral review. While Blakely did establish a new rule of constitutional law, (i.e., that most factual determinations pertaining to sentencing must be made by a jury, rather than a judge alone), that new rule is not retroactively applicable on collateral review. United States v. Stoltz, 149 Fed.Appx. 567, 568 (8th Cir.2005) (per curiam) (unpublished opinion), cert. denied, 126 S.Ct. 1589 (2006); Alexander v. Addison, 164 Fed.Appx. 780, 781 (10th Cir.) (unpublished opinion), cert. denied, 127 S.Ct. 64 (2006). Because Blakely is not retroactively applicable on collateral review, the one-year statute of limitations period did not begin to run in this case, pursuant to § 2244(d)(1)(C), when Blakely was decided. See Sanders v. Symmes, Civil No. 06-4854 (ADM/FLN), (D.Minn. 2007), 2007 WL 627853 at *5, n. 3.[5]

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

---

[5] Because Blakely is not retroactively applicable on collateral review, Petitioner's Blakely claim could not be sustained on the merits in any event.

Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court, on direct appeal, on April 14, 1998. However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court. Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999). Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1. Thus, Petitioner's judgment of conviction became "final," and the statute of limitations began to run, on July 12, 1998 -- 90 days after the Minnesota Supreme Court upheld Petitioner's conviction and sentence on direct appeal. The statute of limitations expired one year later, on July 12, 1999. However, Petitioner did not file his current petition until November 2010, which was more than eleven years after the statute of limitations deadline.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired before he filed his first post-conviction motion in the trial court. The statute of limitations expired on July 12, 1999, and Petitioner did not file his first state post-conviction motion until August 13, 2004. Thus, the federal habeas

6

statute of limitations expired more than five years before Petitioner filed his first post-conviction motion.  See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); McMullan v. Roper, 599 F.3d 849, 852 (8th Cir.) ("[t]he time between the conclusion of a direct appeal and the filing of a state court application for post-conviction relief does not toll the AEDPA statute of limitations"), cert. denied, 131 S.Ct. 632 (2010).  Because the federal limitations period expired before any of Petitioner's state post-conviction motions were filed, his post-conviction motions could not have tolled the statute of limitations.  See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired").  See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his state post-conviction motions did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his most recent state post-conviction proceedings were fully complete.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired."  Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).  Again, once the statute of limitations expired in this

case, on July 12, 1999, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motions.

Furthermore, even if the statute of limitations did not begin to run in this case until Petitioner's last state post-conviction proceedings were fully completed in December 2008, (when the Minnesota Court of Appeals summarily dismissed Petitioner's belated appeal in his second post-conviction action), this case still would be time-barred.  If the statute had begun to run at that time, i.e., December 2008, then the one-year limitations period would have expired in December 2009.  However, Petitioner did not commence this action until November 2010.  Thus, even if Petitioner's post-conviction proceedings did "reset the clock" and give him a brand new one-year limitations period, (notwithstanding the vast array of federal case law rejecting that proposition), the present petition still would be untimely.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003).  See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be

8

tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" <u>Jihad</u>, 267 F.3d at 806, (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. <u>Id</u>.; <u>see</u> <u>also</u> <u>Flanders v. Graves</u>, 299 F.3d 974, 977 (8th Cir. 2002) ("equitable tolling applies only when some fault on the part of a defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay"), <u>cert</u>. <u>denied</u>, 537 U.S. 1236 (2003). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." <u>Earl v. Fabian</u>, 556 F.3d 717, 722 (8th Cir. 2009).

In this case, Petitioner has filed a self-styled motion entitled "Motion to Consider Innocence Exception to Barring Petition for Habeas Corpus." (Docket No. 7.) Giving this submission the benefit of liberal construction, the Court finds that Petitioner is seeking equitable tolling based on a claim of actual innocence.

As a general rule, a claim of actual innocence can<u>not</u> excuse the late filing of a habeas corpus petition. <u>Flanders</u>, 299 at 977 ("[t]he statute fixes a one-year period of

limitations, and says nothing about actual innocence... [i]t is not our place to engraft an additional judge-made exception onto congressional language that is clear on its face"). The Eighth Circuit Court of Appeals has said that a claim of actual innocence might justify equitable tolling, but only under certain narrowly prescribed circumstances.  Id.

In Flanders, the Court noted that procedurally defaulted habeas corpus claims can sometimes be entertained if the petitioner can show proof of his actual innocence.  Id.  The Court suggested that a similar showing of actual innocence might warrant equitable tolling of the habeas statute of limitations in some rare cases.  Id.

In the procedural default context, a habeas petitioner advancing an "actual innocence" claim must present new evidence, which affirmatively demonstrates that he is clearly innocent of the charged offense.[6]  For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" Johnson v. Norris, 170 F.3d 816, 817 (8th Cir. 1999), quoting Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc), cert. denied, 523 U.S. 1123 (1998).  A prisoner who invokes equitable tolling must also

---

[6]  "The actual innocence exception is concerned with claims of actual, not legal innocence.  Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994).  It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception.  Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....' [Schlup, 513 U.S. at 324.]  Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324]... and exculpatory scientific evidence."

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996).

show that he has acted diligently in his pursuit of federal habeas corpus relief. Nelson v. Norris, 618 F.3d 886, 893 (8th Cir. 2010). See also Earl, 556 F.3d at 722 ("[w]e will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued his rights"). This suggests that a prisoner who seeks equitable tolling based on an actual innocence claim must show not only that he diligently attempted to discover new evidence of his innocence, but also that he diligently attempted to present that evidence to the courts.

Thus, based on the apposite Eighth Circuit case law, the Court finds that a habeas petitioner who requests equitable tolling based on a claim of actual innocence must show the following: (1) that there is some specific new evidence, which affirmatively demonstrates that the petitioner is actually innocent of the charged offense; (2) that the government, (or perhaps some other third party or external factor), prevented the petitioner from discovering the new evidence soon enough to raise it in a timely manner; and (3) the prisoner acted diligently to present the new evidence of actual innocence as promptly as possible, once the evidence became discoverable.

Here, the Court gave Petitioner a specific opportunity to show that equitable tolling should save this action from being time-barred. (See Order dated November 30, 2010; [Docket No. 3].) However, Petitioner has failed to satisfy the stringent requirements for granting equitable tolling based on a claim of actual innocence. He has not identified any specific new evidence, unavailable to him at the time of his trial, which would prove that he must, in fact, be innocent. Petitioner's "Motion to Consider Innocence Exception to Barring

Petition for Habeas Corpus" presents only broad conclusory assertions.[7]  Petitioner has attempted to cast doubt on the fairness of his state criminal case, and the validity of the evidence used to convict him, but he has not presented any new and previously undiscoverable evidence that proves he is innocent.  Moreover, if Petitioner has some new evidence, he has not shown that it was previously undiscoverable, nor has he shown that he made a diligent effort to present the evidence to the courts as promptly as possible.  Petitioner was convicted more than fourteen years ago, and even now, he still has not identified any specific new evidence that proves his innocence.

Thus, the Court concludes that Petitioner is not entitled to equitable tolling based on his claim of actual innocence, and his "Motion to Consider Innocence Exception to Barring Petition for Habeas Corpus" must be denied.  It appears that in this case, as in <u>Baker</u>, <u>supra</u>, Petitioner has not been "diligent in acting to protect his right to federal habeas review of his conviction."  321 F.3d at 772.  Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred.  The statute of limitations deadline for seeking federal habeas corpus relief expired in this case

---

[7]  Petitioner alleges in his motion that "[m]y trial and the results were/is a fundamental miscarriage of justice;" "[t]he trial was a mere sham and the state appellate/post-conviction process afforded no relief;" "[t]he merits of the factual dispute were not resolved;" "[t]he fact finding procedure employed by the state was not constitutionally adequate and did not afford the petitioner a full hearing;" "[t]he material facts were not adequately developed in the trial or in the state appellate/post-conviction process;" "[t]he state court forfeited its jurisdiction by its numerous constitutional violations, including the use of a fraudulent warrant."  Needless to say, these assertions do not constitute new evidence proving Petitioner's actual innocence; they are just vague and unsupported legal conclusions.

on July 12, 1999. However, Petitioner did not file his current habeas petition until November 2010 – more than eleven years after the statute of limitations deadline.

Petitioner's state post-conviction motions could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if they had been filed in a timely manner. However, there was no effective § 2244(d)(2) tolling in this case, because Petitioner did not file his first post-conviction motion in the trial court until August 2004, which was after the federal statute of limitations had already expired. Moreover, even if Petitioner's post-conviction motions had "re-set the clock," giving him a fresh one-year limitation period when his last post-conviction proceedings were completed, this action still would be time-barred, because Petitioner did not file his habeas petition until more than a year after his last post-conviction proceedings were fully completed. In addition, Petitioner has shown no viable grounds for equitable tolling. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.

Lastly, the Court finds that Petitioner's pending one-page "Motion to Stay Proceedings," (Docket No. 5), must be denied. Petitioner wants the Court to stay this case, so he can pursue various claims in the state courts before his federal habeas corpus claims are addressed here. However, it would serve no useful purpose to stay this action while Petitioner seeks relief in the state courts, because if he should later seek to revive this action, it still would be time-barred. Petitioner might still be able to seek relief in the state courts, but it is now too late for him to seek federal habeas corpus relief. A stay would only postpone the inevitable dismissal of this action due to untimeliness.

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's "Motion to Stay Proceedings," (Docket No. 5), be **DENIED**;

3. Petitioner's "Motion to Consider Innocence Exception to Barring Petitioner for Habeas Corpus," (Docket No. 7), be **DENIED**;

4. This action be **DISMISSED WITH PREJUDICE**; and

5.  Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: February 3, 2011

_ s/ Arthur J. Boylan_____
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before February 18, 2011.