UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Randall Scott Wunderlich,** | Civil No. 10-CV-4737 (SRN/AJB) |
| Petitioner, | ORDER |
| v. | |
| **Becky Dooley,** | |
| Respondent. | |

Randall Scott Wunderlich, pro se, MCF-Moose Lake, 1000 Lake Shore Drive, Moose Lake, Minnesota 55767.

Kimberly R. Parker and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan dated February 3, 2011 [Doc. No. 11]. Petitioner filed timely objections to the R&R [Doc. No. 12].

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

The R&R recommended denial of this § 2254 habeas corpus petition and dismissal of the action with prejudice because the petition was brought outside the applicable one-year limitations

period.[1]   28 U.S.C. § 2244(d)(1).  Petitioner objects to this conclusion.  He contends that, because he is seeking new evidence that he alleges the state destroyed and/or hid from him during his criminal trial, he should not be subject to the one-year statute of limitations.  As the R&R noted, Petitioner seeks to apply the doctrine of equitable tolling to his petition based on claims of actual innocence.  Giving Petitioner's objections a liberal construction, it appears that he is arguing that the allegedly destroyed or withheld evidence would establish his claim of actual innocence, so that the equitable tolling doctrine should apply.

But the claims in the petition, in large part, stem directly from Petitioner's allegation that the state withheld or destroyed evidence.  Thus, this is not a case in which the state caused Petitioner to be late in filing the petition, see Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002) (noting that "equitable tolling applies only when some fault on the part of a defendant has caused a plaintiff to be late in filing"), but rather is a situation in which Petitioner has known about the allegedly withheld or destroyed evidence for years—his conviction was final in 1998—and that very evidence is the subject of the petition.  In other words, the evidence at issue did not cause Petitioner to be late in filing the petition.  Thus, the doctrine of equitable tolling simply does not apply.

Nor is Petitioner's claim that the evidence would establish his actual innocence sufficient to invoke equitable tolling.  The R&R correctly noted that the Eighth Circuit Court of Appeals has determined that equitable tolling might apply to some claims of actual innocence, when those

---

[1] The R&R also recommended denial of two pending motions: a Motion to Stay Proceedings [Doc. No. 5] and a "Motion to Consider Innocence Exception to Barring Petition for Habeas Corpus" [Doc. No. 7].  Petitioner makes no reference to these motions in his objections, and in any event, the R&R's disposition of the underlying petition renders these motions moot.  The Court will therefore deny the motions without further discussion.

claims are supported by new evidence. (R&R at 9-10.) Petitioner has no new evidence; he merely has allegations that there might be evidence that could possibly establish his innocence. If Petitioner is able to secure that evidence, whether through his newly filed state habeas petition or through some other means, he may then seek to invoke the equitable tolling doctrine. That doctrine cannot, however, be used to encourage an evidentiary fishing expedition.

Finally Petitioner claims that the R&R should have granted him a Certificate of Appealability so that he might pursue his claims in the appellate court. However, reasonable minds cannot differ as to whether the petition is timely. Petitioner is not entitled to a Certificate of Appealability.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Chief Magistrate Judge Boylan's Report and Recommendation (Doc. No. 11) is **ADOPTED**;
2. The application for a writ of habeas corpus (Doc. No. 1) is **DENIED**;
3. All other pending Motions (Doc. Nos. 5, 7) are **DENIED**;
4. This action is **DISMISSED with prejudice**; and
5. Petitioner is NOT granted a Certificate of Appealability.

Dated:   March 9, 2011

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge